UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

FILED
MAY 0 9 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| M. JANE MINOR, | ) |
| | ) |
| Plaintiff, | ) Case No. 02-3354 |
| | ) |
| v. | ) Judge Mills |
| | ) |
| CENTOCOR, INC., AND JOHNSON AND JOHNSON, INC., | ) Magistrate Judge Evans |
| | ) |
| Defendants. | ) |

### ANSWER OF DEFENDANT CENTOCOR, INC. TO COUNT I OF THE COMPLAINT

NOW COMES the Defendant, Centocor, Inc., ("Centocor") by and through its attorneys, Linzey Jones and John Broderick of the Law Firm of Pugh, Jones and Johnson, P.C., and David Drake of the Law Firm of Drake, Narup & Mead, P.C. and answers Count I of the Complaint as follows:[1]

### COMPLAINT¶1

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1337, Title 29 United States Code, Section 626(c) and Title 42, United States Code Section 2000e-5. This is a civil action arising under the laws of the United States regulation commerce. Specifically, this is an action brought in furtherance of certain Acts of Congress guaranteeing to employees protection against discriminatory treatment in employment because of age and gender.

### ANSWER¶1

Defendant Centocor admits that this Court has subject matter jurisdiction over the claim asserted in Count I of the Complaint, but Defendant denies the remaining allegations

---



Attorneys at Law
107 E. Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

[1] Counts I and II of the Complaint have been brought against Defendant Centocor, Inc. Counts III and IV have been brought against Defendant Johnson & Johnson, Inc. Defendant Centocor has filed a Motion to Dismiss Count II.

of Complaint¶1.

### COMPLAINT¶2

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since both CENTOCOR and JOHNSON & JOHNSON engage in activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

### ANSWER¶2

Defendant Centocor admits that this Court is a proper venue for this action, but Defendant denies the remaining allegations of Complaint¶2.

### COMPLAINT 1

1.  That the Plaintiff, M. JANE MINOR, is an adult resident of Sangamon County, Illinois. She is a female who was born on August 2, 1946. She began employment with CENTOCOR in September of 1999 and worked for it continuously thereafter as an active employee until October 19, 2001.

### ANSWER 1

Defendant Centocor admits, on information and belief, that the Plaintiff, M. JANE MINOR, is a female adult resident of Sangamon County, Illinois that was born on August 2, 1946. Defendant Centocor admits that Plaintiff began her employment with Defendant Centocor on September 20, 1999, but Defendant Centocor denies the remaining allegations of Complaint 1.

### COMPLAINT 2

2.  That CENTOCOR is a manufacturer of healthcare products. CENTOCOR is headquartered in Malvern, Pennsylvania. CENTOCOR regularly conducts business transactions in the State of Illinois. CENTOCOR is a wholly owned subsidiary of JOHNSON & JOHNSON.

### ANSWER 2

Defendant Centocor admits the allegations of Complaint 2.



DNM
RAKE, NARUP & MEAD, P.C.

ttorneys at Law
)7 E. Allen Street
pringfield, Illinois
62704
el: (217)528-9776
ax: (217)528-9401

### COMPLAINT 3

3. JOHNSON & JOHNSON is a manufacturer of healthcare products. JOHNSON & JOHNSON is the parent corporation of CENTOCOR. JOHNSON & JOHNSON conducts business transactions in the State of Illinois. On information and belief at all times relevant to this case JOHNSON & JOHNSON was involved in and effectively made employment and personnel decisions with respect to sales and marketing employees of CENTOCOR.

### ANSWER 3

Defendant Centocor admits that JOHNSON & JOHNSON is a manufacturer of healthcare products, that JOHNSON & JOHNSON is the parent corporation of CENTOCOR, and that JOHNSON & JOHNSON conducts business transactions in the State of Illinois. Defendant Centocor denies the remaining allegations of Complaint 3.

### COMPLAINT 4

4. That both CENTOCOR and JOHNSON & JOHNSON have in each of twenty or more calendar weeks in the current or preceding calendar year employed twenty or more employees in connection with their business enterprise and constitutes an employer as that term is used in 42 U.S.C. Section 2000(e) and 29 U.S.C. Section 630(b).

### ANSWER 4

Defendant Centocor admits the allegations of Complaint 4.

### COMPLAINT 5

5. That at all times pertinent to this proceeding CENTOCOR and JOHNSON & JOHNSON did in connection with their business enterprises engage in commerce and in an enterprise effecting commerce.

### ANSWER 5

Defendant Centocor admits the allegations of Complaint 5.

### COMPLAINT 6

6. That within the time prescribed by law the plaintiff, M. JANE MINOR, did cause to have filed with the Equal Employment Opportunity Commission ["EEOC"] a charge of civil rights violation against CENTOCOR and JOHNSON & JOHNSON. This


AKE, NARUP & MEAD, P.C.

torneys at Law
7 E. Allen Street
ringfield, Illinois
62704
l: (217)528-9776
x: (217)528-9401

proceeding is being filed within ninety (90) days of her receipt of a Notice of a Right to Sue issued by the EEOC.

ANSWER 6

Defendant Centocor denies the allegations of Complaint 6.

COMPLAINT 7

7. That the Plaintiff, M. JANE MINOR, was at the time of the occurrence giving rise to the above entitled cause over the age of 40 years and accordingly was within the age group protected by law against discrimination in employment because of age.

ANSWER 7

Defendant Centocor, on information and belief, admits the allegations of Complaint 7, except Defendant Centocor denies that it discriminated against Plaintiff because of her age.

COMPLAINT 8

8. That the Plaintiff, M. JANE MINOR, commenced her employment with CENTOCOR as a senior cardiovascular specialist in September of 1999. In that position she was responsible for marketing certain products manufactured by CENTOCOR within the healthcare community. On July 1, 2000 she was promoted to the position of vascular specialist.

ANSWER 8

Defendant Centocor admits the allegations of Complaint 8 except said Defendant denies that Plaintiff was considered by the Defendant to have been promoted when she transitioned to the title of vascular specialist.

COMPLAINT 9

9. That at all times pertinent to this cause the Plaintiff, M. JANE MINOR, adequately performed her employment duties for CENTOCOR and satisfied all reasonable expectations imposed upon her by it in connection with her employment.

ANSWER 9

Defendant Centocor denies the allegations of Complaint 9.



DRAKE, NARUP & MEAD, P.C.

ttorneys at Law
17 E. Allen Street
ringfield, Illinois
62704
el: (217)528-9776
ax: (217)528-9401

COMPLAINT 10

10.     That at no time prior to February 7, 2001 during her employment with CENTOCOR was the Plaintiff informed that her performance was less than satisfactory.

ANSWER 10

Defendant Centocor denies the allegations of Complaint 10.

COMPLAINT 11

11.     That at the time the Plaintiff was employed by CENTOCOR, and at all times relevant to the actions giving rise to this Complaint, CENTOCOR was a wholly owned subsidiary of JOHNSON & JOHNSON.

ANSWER 11

Defendant Centocor admits the allegations of Complaint 11, except Defendant denies that it discriminated against Plaintiff because of her age.

COMPLAINT 12

12.     That in January 2001, the Plaintiff was reassigned to a marketing team for CENTOCOR, which was managed by Antonio Siciliano. At that time Antonio Siciliano was a 29 year old male.

ANSWER 12

Defendant Centocor admits the allegations of Complaint 12.

COMPLAINT 13

13.     That the Plaintiff was one of four vascular specialists working under the management of Antonio Siciliano. The Plaintiff was the oldest vascular specialist assigned to work under Antonio Siciliano. One of the vascular specialists assigned to the team was a male.

ANSWER 13

Defendant Centocor admits the allegations of Complaint 13.

COMPLAINT 14

14.     That at the time Antonio Siciliano took over the management of the Plaintiff's team he announced to the Plaintiff that he was 29 years of age. Antonio Siciliano also asked



DRAKE, NARUP & MEAD, P.C.

Attorneys at Law
07 E. Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

the Plaintiff the age of her son. The Plaintiff advised Antonio Siciliano that her son was 28 years of age.

### ANSWER 14

Defendant Centocor denies the allegations of Complaint 14.

### COMPLAINT 15

15.    That at the time Antonio Siciliano took over management of the Plaintiff's team the Plaintiff's salary arrangement with CENTOCOR was that she would receive both a base salary, as well as a percentage of her gross sales of her products. The Plaintiff's annual income was directly dependent upon the success of her sales to customer accounts.

### ANSWER 15

Defendant Centocor denies the allegations of Complaint 15.

### COMPLAINT 16

16.    That from February 7, 2001 until April 24, 2001 the Plaintiff was on a medical leave of absence from her position with CENTOCOR.

### ANSWER 16

Defendant Centocor denies the allegations of Complaint 16.

### COMPLAINT 17

17.    That upon the Plaintiff's return to work on April 24, 2001 and continuing through October 19, 2001, Antonio Siciliano took the following actions against the Plaintiff:

    a.    assigned the Plaintiff more difficult sales accounts which historically failed to generate much revenue and which were less proximate to her residence;

    b.    required the Plaintiff to give up sales accounts which were both lucrative and proximate to her residence. Other members of the sales team were not asked to make similar changes in their account assignments.

    c.    required the Plaintiff to visit all of her account sites at two week intervals and further required her to visit her most important accounts on a weekly basis after her territory was extended to encompass Des Moines, Iowa to Owensboro, Kentucky. The other sales representatives on the Plaintiff's team who had territories



LAKE, NARUP & MEAD, P.C.

Attorneys at Law
7 E. Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

6

    similar in size to that assigned to the Plaintiff were not required to visit their accounts with same frequency as the requirements imposed on the Plaintiff;

  d. denied the Plaintiff the opportunity to relocate to a site more centrally located in her account territory, but allowed other younger, male sales account representatives the opportunity to relocate;

  e. gave the Plaintiff a performance evaluation which inaccurately and unfairly characterized her performance for CENTOCOR;

  f. refused to allow the Plaintiff the opportunity to participate in decisions involving her account assignments despite the fact that the other vascular specialists/sales representatives who were on her team were given the opportunity to collaborate with Antonio Siciliano on the assignment of their accounts;

  g. assigned to the Plaintiff accounts which had less sales opportunity with respect to the vascular products that she was marketing than the accounts assigned to the other members of her sales team, thus directly effecting her commission income; and

  h. assigned bonus points for performance in a manner favoring the younger members of the sales team over the Plaintiff.

**ANSWER 17**

Defendant Centocor denies each and every allegation of Complaint 17 and its subparts.

**COMPLAINT 18**

18. That in October 2001 the Plaintiff, M. JANE MINOR, began a disability leave of absence with the Defendants and at the present time remains in a disability leave status.

**ANSWER 18**

[Need to confirm date disability leave began and her current employment status with Centocor.]



DRAKE, NARUP & MEAD, P.C.

ttorneys at Law
)7 E. Allen Street
pringfield, Illinois
62704
el: (217)528-9776
ax: (217)528-9401

## COUNT I

COMPLAINT 1-18

For paragraphs 1 through 18 of Count I the Plaintiff, M. JANE MINOR, repeats paragraphs 1 through 18 above.

ANSWER 1-18

Defendant incorporates by reference its answers to the numbered paragraphs 1-18 as its answer to paragraphs 1-18 of Count I.

COMPLAINT 19

19.  That from April 21, 2001 through October of 2001 the Plaintiff, M. JANE MINOR, has been the recipient of discriminatory treatment which is more particularly described in paragraph 17 above because of her age in that CENTOCOR altered the terms and conditions of the Plaintiff's employment and in doing so treated her differently and less favorably than similarly situated younger employees.

ANSWER 19

Defendant Centocor denies each and every allegation of Complaint 19.

COMPLAINT 20

20.  That the act of discriminatory misconduct described above was the result of a willful or intentional effort on that part of CENTOCOR to discriminate against the Plaintiff, M. JANE MINOR, because of her age.

ANSWER 20

Defendant Centocor denies each and every allegation of Complaint 20.

COMPLAINT 21

21.  That as a direct and proximate result of the discriminatory treatment described above, the Plaintiff, M. JANE MINOR, was required to leave active employment with CENTOCOR. She has suffered damages through the loss of salary, fringe benefits and other economic entitlements which she would have received had she been treated similarly to the younger members of her sales team.

ANSWER 21

Defendant Centocor denies each and every allegation of Complaint 21.



AKB, NARUP & MEAD, P.C.
torneys at Law
7 E. Allen Street
ringfield, Illinois
62704
l: (217)528-9776
x: (217)528-9401

WHEREFORE, Defendant Centocor, Inc., respectfully requests that this Court dismiss Count I of Plaintiff's Complaint with prejudice and award Defendant its costs and attorneys fees.

Respectfully submitted,

CENTOCOR, INC., Defendant.

By _____
One of Its Attorneys

Linzey D. Jones, Esq.
John M. Broderick, Esq.
Pugh, Jones & Johnson, P.C.
180 North LaSalle, Suite 2910
Chicago, Illinois 60601
Phone: (312) 551-1002
Fax: (312) 551-0804

David L. Drake
Drake, Narup & Mead, P.C.
107 East Allen Street
Springfield, Illinois 62707
Phone: (217) 528-9776
Fax: (217) 528-9401

CDB/cas
1698



RAKE, NARUP & MEAD, P.C.

ttorneys at Law
)7 E. Allen Street
ringfield, Illinois
62704
el: (217)528-9776
ix: (217)528-9401

## PROOF OF SERVICE

I hereby certify that I caused a true and correct copy of the attached Answer of Defendant Centocor, Inc. to Count I of the Complaint to be served upon the individual listed below via U. S. Mail this 9th day of May, 2003.

> James P. Baker, Esq.
> Law Offices of James P. Baker
> 415 South Seventh Street
> Springfield, IL 62701

_____
For Defendant Centocor, Inc.

CDB/cas
1698



BAKER, NARUP & MEAD, P.C.

Attorneys at Law
07 E. Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

FILED

MAY 0 9 2003

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| M. JANE MINOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 02-3354 |
| CENTOCOR, INC., AND JOHNSON | ) |
| AND JOHNSON, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

TO:  James P. Baker, Esq.

PLEASE TAKE NOTICE that on May 9, 2003, we caused to be filed with the Clerk of the United States District Court for the Central District of Illinois, Springfield Division, the attached Answer of Defendant Centocor, Inc. to Count I of the Complaint, a copy of which is hereby served upon you.

Respectfully submitted,

CENTOCOR, INC.

By: _____
One of Its Attorneys

Linzey D. Jones, Esq.
John M. Broderick, Esq.
Pugh, Jones & Johnson, P.C.
180 North LaSalle, Suite 2910
Chicago, Illinois 60601
Phone: (312) 551-1002

David L. Drake
Drake, Narup & Mead, P.C.
107 East Allen Street
Springfield, Illinois 62707
Phone: (217) 528-9776



DNM
DRAKE, NARUP & MEAD, P.C.

Attorneys at Law
107 E. Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401

## PROOF OF SERVICE

I hereby certify that I caused a true and correct copy of the attached Answer of Defendant Centocor, Inc. to Count I of the Complaint to be served upon the individual listed below via U. S. Mail this 9th day of May, 2003.

                James P. Baker, Esq.
            Law Offices of James P. Baker
              415 South Seventh Street
                Springfield, IL 62701

_____
                For Defendant Centocor, Inc.

CDB/cas
1698



Drake, Narup & Mead, P.C.

Attorneys at Law
107 E. Allen Street
Springfield, Illinois
62704
Tel: (217)528-9776
Fax: (217)528-9401