E-FILED
Thursday, 03 March, 2005   10:24:06 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| M. JANE MINOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-3114 |
| CENTOCOR, INC., | ) ) ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

NOW COMES Defendant, CENTOCOR, INC., by and through its attorneys, Linzey D. Jones and John M. Broderick of the law firm Pugh, Jones, Johnson & Quandt, P.C. and Christopher Biswell of the law firm Drake, Narup & Mead, P.C., and answers Plaintiff's Complaint as follows:[1]

**I.   PLAINTIFF'S JURISDICTION AND VENUE ALLEGATIONS**

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Section 1337 and Title 42, United States Code Section 2000e-5.  This is a civil action arising under the laws of the United States regulation commerce.  Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of gender.

ANSWER:   Defendant Centocor admits that this Court has subject matter jurisdiction over the claim asserted in the Complaint, but Defendant denies the remaining allegations of this paragraph.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since CENTOCOR engages in activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

ANSWER:   Defendant Centocor admits that this Court is a proper venue for this action, but

---

[1] The Court consolidated this matter with Minor v. Centocor, 02-3354 on February 23, 2005.  Since Plaintiff has not yet filed a consolidated complaint, Defendant is answering the complaint filed in 04-3114.

1

Defendant denies the remaining allegations of this paragraph.

## II.  PLAINTIFF'S FACT ALLEGATIONS

    1.    That the Plaintiff, M. JANE MINOR, is an adult resident of Sangamon County, Illinois. She is a female. She began employment with CENTOCOR in September of 1999 and worked for it continuously thereafter as an active employee until October 19, 2001.

ANSWER:    Defendant admits the allegations contained in this paragraph.

    2.    That CENTOCOR is a manufacturer of healthcare products. CENTOCOR is headquartered in Malvern, Pennsylvania. CENTOCOR regularly conducts business transactions in the State of Illinois.

ANSWER:    Defendant admits the allegations of this paragraph.

    3.    That CENTOCOR has in each of twenty or more calendar weeks in the current or preceding calendar year employed twenty or more employees in connection with its business enterprise and constitutes an employer as that term is used in 42 U.S.C. Section 2000(e).

ANSWER:    Defendant admits the allegations of this paragraph.

    4.    That at all times pertinent to this proceeding CENTOCOR did in connection with its business enterprise engage in commerce and in an enterprise effecting commerce.

ANSWER:    Defendant admits the allegations of this paragraph.

    5.    That within the time prescribed by law the plaintiff, M. JANE MINOR, did cause to have filed with the Equal Employment Opportunity Commission ["EEOC"] a charge of civil rights violation against CENTOCOR. This proceeding is being filed within ninety (90) days of her receipt of a Notice of a Right to Sue issued by the EEOC.

ANSWER:    Defendant admits the allegations of this paragraph.

    6.    That the Plaintiff, M. JANE MINOR, commenced her employment with CENTOCOR as a senior cardiovascular specialist in September of 1999. In that position she was responsible for marketing certain products manufactured by CENTOCOR within the healthcare community. On July 1, 2000 she was promoted to the position of vascular specialist.

ANSWER:    Defendant admits that Plaintiff was hired as a senior cardiovascular specialist in

September of 1999 and that she was responsible for marketing certain products manufactured by CENTOCOR within the healthcare community. Defendant denies the remaining allegations of this paragraph.

7. That at all times pertinent to this cause the Plaintiff, M. JANE MINOR, adequately performed her employment duties for CENTOCOR and satisfied all reasonable expectations imposed upon her by it in connection with her employment.

ANSWER:   Defendant denies the allegations of this paragraph.

8. That at no time prior to February 7, 2001 during her employment with CENTOCOR was the Plaintiff informed that her performance was less than satisfactory.

ANSWER:   Defendant denies the allegations of this paragraph.

9. That in January 2001, the Plaintiff was reassigned to a marketing team for CENTOCOR which was managed by Antonio Siciliano, a male.

ANSWER:   Defendant admits the allegations of this paragraph.

10. That at the time Antonio Siciliano took over management of the Plaintiff's team the Plaintiff's salary arrangement with CENTOCOR was that she would receive both a base salary, as well as a percentage of her gross sales of her products. The Plaintiff's annual income was directly dependent upon the success of her sales to customer accounts.

ANSWER:   Defendant denies the allegations of this paragraph.

11. That from February 7, 2001 until April 24, 2001 the Plaintiff was on a medical leave of absence from her position with CENTOCOR.

ANSWER:   Defendant denies the allegations of this paragraph.

12. That upon the Plaintiffs return to work on April 24, 2001 and continuing through October 19, 2001, Antonio Siciliano took the following actions against the Plaintiff:

    a. assigned the Plaintiff more difficult sales accounts which historically failed to generate much revenue and which were less proximate to her residence;

    b. required the Plaintiff to give up sales accounts which were both lucrative and proximate to her residence;

      c.      required the Plaintiff to visit all of her account sites at two week intervals and further required her to visit her most important accounts on a weekly basis after her territory was extended to encompass Des Moines, Iowa to Owensboro, Kentucky;

      d.      denied the Plaintiff the opportunity to relocate to a site more centrally located in her account territory;

      e.      gave the Plaintiff a performance evaluation which inaccurately and unfairly characterized her performance for CENTOCOR;

      f.      refused to allow the Plaintiff the opportunity to participate in decisions involving her account assignments;

      g.      assigned to the Plaintiff accounts which had limited sales opportunity with respect to the vascular products that she was marketing; and

      h.      assigned bonus points for performance in a manner which was detrimental to her.

ANSWER:     Defendant denies the allegations of this paragraph.

13.     That in October of 2001 the Plaintiff, M. JANE MINOR, began a disability leave of absence with the Defendants and at the present time remains in a disability leave status.

ANSWER:     Defendant admits the allegations of this paragraph.

14.     That from April 24, 2001 until October, 2001 the Plaintiff, M. JANE MINOR, was the recipient of discriminatory treatment because of her gender as described above from CENTOCOR, in that CENTOCOR altered the terms and conditions of the Plaintiff's employment and in doing so treated her differently and less favorably than a similarly situated male employee.

ANSWER:     Defendant denies the allegations of this paragraph.

15.     That as a direct and proximate result of the discriminatory treatment described above, the Plaintiff, M. JANE MINOR, was required to leave active employment with the Defendant. She has suffered damages through the loss of salary, fringe benefits and other economic entitlements which she would have received had she been treated similarly to the male member of her sales team. Additionally, the Plaintiff, M. JANE MINOR, sustained emotional suffering, embarrassment, loss of enjoyment of life and mental anguish.

ANSWER:     Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant CENTOCOR, INC. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and attorneys fees.

Respectfully submitted,

**Defendant
CENTOCOR, INC.**

By: s/ Linzey D. Jones
    Linzey D. Jones, Bar No. 6183113
    John M. Broderick, Bar No. 6255668
    PUGH, JONES, JOHNSON, &
    QUANDT, P.C.
    180 North LaSalle Street, Suite 3400
    Chicago, IL 60601
    (312) 551-1002
    (312) 551-0804 Fax
    ljones@pjjq.com

    David L. Drake
    Christopher Biswell
    Drake, Narup & Mead, P.C.
    107 East Allen Street
    Springfield, Illinois 62707
    (217) 528-9776
    (217) 528-9401 Fax