**E-FILED**
Wednesday, 20 July, 2005 04:13:19 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| M. JANE MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02-3354 |
| | ) | |
| v. | ) | Judge Mills |
| | ) | |
| CENTOCOR, INC., | ) | Magistrate Judge Evans |
| | ) | |
| Defendant. | ) | |
| M. JANE MINOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-3114 |
| | ) | |
| v. | ) | Judge Mills |
| | ) | |
| CENTOCOR, INC., | ) | Magistrate Judge Evans |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CENTOCOR, INC.'S MOTION FOR COSTS

Pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and LR 54.1, defendant Centocor, Inc. ("Centocor" or "defendant") hereby moves this Court to award Centocor its Costs of $15,467.73. Centocor contemporaneously files herewith the Central District of Illinois form Bill of Costs (attached as Exhibit A) and Affidavit of John Broderick (attached as Exhibit B).

On June 20, 2005, this Court granted Centocor summary judgment on all the claims of plaintiff, M. Jane Minor, and entered judgment. Accordingly, Centocor is the "prevailing party" pursuant to Fed.R.Civ.P. 54(d)(1) and is entitled to recover its costs. Fed.R.Civ.P. 54(d), 28 U.S.C. § 1920, and LR 54.1; see also Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219 (7th Cir. 1988)(a "judgment silent about costs is a judgment allowing costs" within the

1

meaning of the Local Rules where, as here, 'no doubt' exists as to whom the prevailing party is"). Rule 54 creates a presumption favoring the award of costs, which is difficult to overcome. Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997).

In this matter, defendant Centocor incurred the following costs, which are recoverable pursuant to Fed.R.Civ.P.54(d)(1).

**I.      Court Reporter Fees**, 28 U.S.C. § 1920(2).  Amount Requested: $5175.65.

A.      Deposition of Minor.

Centocor's counsel took plaintiff's deposition over the course of two days on September 3, 2004 and September 10, 2004. Centocor "necessarily obtained" plaintiff's deposition transcript "for use in the case" and the deposition was "reasonably necessary to the case at the time it was taken" because it was her testimony that was predominately the basis of plaintiff's case, and which was repeated in plaintiff's affidavit attached to her response to Defendant's Motion for Summary Judgment, because nearly all of the material facts related to plaintiff's allegations were uniquely within plaintiff's knowledge. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998). See also Centocor's Statement of Undisputed Facts (which relied in great part on plaintiff's deposition testimony). Centocor also required the transcript to present evidence to the Court in its Motion for Summary Judgment, which the Court granted.

The recoverable cost to provide the written transcript for the Court was $1,908.00. This cost includes the Appearance fee of $310.00; regular deposition transcript, $1,549.00; and delivery/handling charge, $50.00. The regular deposition cost of $3.02 equals and does not exceed the Maximum Transcript Rate of $3.30 per page. A true and correct copy of the invoices for her deposition transcripts are attached as Exhibit C.

B.   Deposition of Siciliano.

On December 14, 2004, plaintiff deposed Anthony Siciliano, her former supervisor. Centocor "necessarily obtained" Siciliano's deposition transcript "for use in the case" because it in part provided the basis for Centocor's defense. The transcript was attached to Defendant's Motion for Summary Judgment, as it was required in order for Centocor to present evidence to his Court. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998). See also Centocor's Statement of Undisputed Facts (which relied on Siciliano's deposition testimony).

The recoverable cost to provide the written transcript for the Court was $752.50. This cost includes the regular deposition transcript, $**706.75**; and delivery/handling charge, $8.50. The regular deposition cost of $2.49 equals and does not exceed the Maximum Transcript Rate of $3.30 per page. A true and correct copy of the invoice is attached as Exhibit D.

C.   Deposition of Van Cleave.

On December 16, 2004, plaintiff deposed her former co-worker, Randy Van Cleave, who was also managed by Siciliano. Plaintiff identified Mr. Van Cleave in her Rule 26 Disclosures and argued in her response to defendant's motion for summary judgment that he was a similarly situated individual. Likewise, defendant argues that Mr. Van Cleave was not similarly situated in Defendant's Motion for Summary Judgment. Thus, Centocor "necessarily obtained" Van Cleave's deposition transcript "for use in the case" because it in part provided the basis for Centocor's defense. The transcript was attached to Defendant's Motion for Summary Judgment, as it was required in order for Centocor to present evidence to his Court. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998). See also Centocor's Statement of Undisputed Facts (which relied on Van Cleave's deposition testimony).

The recoverable cost to provide the written transcript for the Court was $254.00. A true and correct copy of the invoice is attached as Exhibit E.

D. Deposition of Kopecky.

On January 7, 2005, plaintiff deposed Caroline Kopecky, her former co-worker, who was also managed by Siciliano. Plaintiff identified Kopecky in her Rule 26 Disclosures and alleged she was similarly situated. Defendant successfully argued she was not in its motion for summary judgment. Centocor "necessarily obtained" Kopecky's deposition transcript "for use in the case" because it in part provided the basis for Centocor's defense. The transcript was attached to Defendant's Motion for Summary Judgment, as it was required in order for Centocor to present evidence to his Court. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998). See also Centocor's Statement of Undisputed Facts (which relied on Kopecky's deposition testimony).

The recoverable cost to provide the written transcript for the Court was $287.80. This cost includes the regular deposition transcript, $161.50; and delivery/handling charge, $6.30. The regular deposition cost of $1.70 equals and does not exceed the Maximum Transcript Rate of $3.30 per page. A true and correct copy of the invoice is attached as Exhibit F.

E. Deposition of Brown.

On January 12, 2005, plaintiff deposed Denise Brown, formerly known as Denise Bannister-Hill, her former co-worker, who was also managed by Siciliano. Plaintiff identified Brown in her Rule 26 Disclosures and alleged she was similarly situated. Defendant successfully argued she was not in its motion for summary judgment. Centocor "necessarily obtained" Brown's deposition transcript "for use in the case" because it in part provided the basis for Centocor's defense. The transcript was attached to Defendant's Motion for Summary

Judgment, as it was required in order for Centocor to present evidence to his Court. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998). See also Centocor's Statement of Undisputed Facts (which relied on Brown's deposition testimony).

The recoverable cost to provide the written transcript for the Court was $220.25. A true and correct copy of the invoice is attached as Exhibit G.

F.    Deposition of Ginn.

On December 17, 2004, plaintiff deposed Robert Ginn, another employee of Centocor, who worked with Minor on her St. Louis accounts. Plaintiff identified Ginn in her Rule 26 Disclosures. Defendant successfully argued in its summary judgment motion based on Ginn's testimony that Minor was not subjected to an adverse employment action by being assigned to an account in St. Louis. Centocor "necessarily obtained" Ginn's deposition transcript "for use in the case" because it in part provided the basis for Centocor's defense. The transcript was attached to Defendant's Motion for Summary Judgment, as it was required in order for Centocor to present evidence to his Court. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998). See also Centocor's Statement of Undisputed Facts (which relied on Ginn's deposition testimony).

The recoverable cost to provide the written transcript for the Court was $146.75. A true and correct copy of the invoice is attached as Exhibit H.

G.    Deposition of Dr. Bohlen, Dr. Yarrington, Dr. Tsang and Dr. Miller.

Defendant deposed plaintiff's treating physicians on the following dates: Dr. James Bohlen on ***November 17, 2004***, Dr. Susan Yarrington on November 29, 2004, Dr. Celina C. Tsang on ***October 21, 2004***, and Dr. Brian Miller on *(date)*. Although defendant did not rely on these deposition in its summary judgment motion, plaintiff did. See Plaintiff's Statement of

Material Facts and Response Brief.  A deposition need not have been used at trial or in a summary judgment motion for the cost of that deposition to be recovered.  Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985), overruled on other grounds by Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir. 1989).   It is sufficient that in light of the facts known at the time the deposition was necessary.  Id.

It cannot be disputed that these depositions were viewed as necessary at the times they were taken.  Plaintiff identified these treaters in her Rule 26 disclosures, answers to interrogatories and identified Dr. Bohlen as an expert in her expert disclosures.  Dr. Tsang, Dr. Bohlen and Dr. Yarrington all had information relevant to her mental condition, which plaintiff put at issue in this case.  She alleged that her mental health was affected by the employment decisions at issue in the case.  Dr. Miller's testimony was relevant as to plaintiff's heart condition, which was physical ailment plaintiff alleged was also caused by the employment decisions at issue in the case.

Based on plaintiff's allegations, Defendant had to file a motion for protective order pursuant to the HIPPAA in order to obtain plaintiff's medical records.  It should be noted that the parties requested to bifurcate discovery and take discovery related to plaintiff's damages, including her medical condition, after dispositive motions were filed.  See Exhibit I, Proposed Scheduling Order of the parties.  This request was denied by the Magistrate Judge.[1]  Thus, these depositions were "reasonably necessary to the case at the time [they were] taken" because it was Defendant's only opportunity to take discovery as to plaintiff's damages, and, the parties were

---

1    The proposed scheduling order submitted by the parties is attached Exhibit I.  The order entered by the Magistrate Judge on July 29, 2004 states: "Minute Entry by Magistrate Judge Charles Evans: Telephone conference held re (d/e 50) pertaining to parties agreement on an amended scheduling order. Attys James Baker and Broderick present. Court advises parties that the parties proposed amended scheduling order is unacceptable. Parties to further confer and resubmit, within the next few days, a proposed amended scheduling order as discussed at this

ordered to conduct this discovery prior to filing dispositive motions. Centocor "necessarily obtained" these deposition transcripts "for use in the case" because each of these treaters could have been a witness at trial. 28 U.S.C. § 1920(2); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir.1998).

The recoverable cost to provide the written transcript of Dr. Bohlen was $473.45. This cost includes the regular deposition transcript, $363.20; an attendance fee of $86.25 and delivery/handling charge, $24.00. The regular deposition cost of $3.86 per page exceeds the Maximum Transcript Rate of $3.30 per page but defendant requests it be reimbursed for the full costs as the cost of the deposition is beyond defendant's control. A true and correct copy of the invoice is attached as Exhibit J.

The recoverable cost to provide the written transcript of Dr. Yarrington was $658.45. This cost includes the regular deposition transcript, $518.20; an attendance fee of $118.75; and delivery/handling charge, $21.50. The regular deposition cost of $3.64 exceeds the Maximum Transcript Rate of $3.30 per page but defendant requests it be reimbursed for the full costs as the cost of the deposition is beyond defendant's control. A true and correct copy of the invoice is attached as Exhibit K.

The recoverable cost to provide the written transcript of Dr. Tsang was $622.63. This cost includes the regular deposition transcript $488.00; attendance fee of $110.63; and delivery/handling charge, $24.00. The regular deposition cost of $4.13 exceeds the Maximum Transcript Rate of $3.30 per page but defendant requests it be reimbursed for the full costs as the cost of the deposition is beyond defendant's control. A true and correct copy of the invoice is attached as Exhibit L.

---

conference.(AJ, ilcd) (Entered: 07/29/2004)"

The recoverable cost to provide the written transcript of Dr. Miller was $194.55. A true and correct copy of the invoice is attached as <u>Exhibit M</u>.

II.     **Subpoenas <u>Duces</u> <u>Tecum</u>**, 28 U.S.C. § 1920(3)-(4).  <u>Amount Requested: $244.40</u>

As described previously, plaintiff placed her medical condition at issue in this case and identified a number medical institutions from which she received treatment. See Plaintiff's Answers to Defendant's Interrogatories, attached as <u>Exhibit N</u>. A list of her treating put at issue plaintiff's medical condition. Centocor sought and obtained this Court's permission to obtain plaintiff's medical records. <u>See</u> Motion for a HIPAA protective Order, and Order granting same, dated February 18, 2004. Centocor appropriately served subpoenas <u>duces</u> <u>tecum</u> on twelve healthcare providers identified by plaintiff and paid the costs necessary to retrieve a copy of the records pertaining to plaintiff.

The records were necessary to the case because they constituted the only potential medical evidence of plaintiff's medical condition in this case. Copying costs incurred for records obtained by a subpoena <u>duces tecum</u> are recoverable costs. <u>Cary v. CHA</u>, 1991 WL 274443 *4 (N.D. Il. 1991).

Med Legal records cost $72.36, on March 11, 2004. <u>See</u> invoice attached as Exhibit O. Kemper National Direct records cost $25.00, on March 26, 2004. <u>See</u> invoice attached as Exhibit P. Prairie Cardiovascular Consultants records cost $53.75. <u>See</u> invoice attached as Exhibit Q. CharONE records from SIU clinic cost $68.29, on May 1, 2004. <u>See</u> invoice attached as Exhibit R. Dr. Dzekunskas records cost $25.00. <u>See</u> invoice attached as Exhibit S.

III.    **Witness Fees, 28 U.S.C. §1920(3). Amount Requested $4,275.00.**

    <u>A.</u>     <u>Fact Witnesses. Amount Requested $200.00.</u>

Plaintiff deposed several non-party witnesses and failed to pay them their witness fees to which they are entitled. See Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago, 38 F.3d 1429, 1442 (7th Cir. 1994). Plaintiff deposed Anthony Siciliano, Randy Van Cleave, Robert Ginn, Caroline Kopecky and Denise Brown and did not tender to any of them the minimum witness fees of forty dollars ($40.00). Centocor requests the Court enter an order that Plaintiff pay them directly or pay Centocor these amounts and further instruct Centocor to reimburse these witnesses.

  B. Treating Physicians. Amount Requested $4,075.00.

As set forth above, defendant deposed several of plaintiff's treating physicians because they were necessary at the time the depositions were taken. See supra at 6. Defendant was required to pay these physicians a reasonable fee for their time. See Hoover v. U.S., 2002 WL 1949734 (N.D. Ill., 2002). Defendant paid Dr. Bohlen $1,500, Dr. Tsang $1,575, and Dr. Miller $1,000. See Exhibit T.

**IV.** **Travel Expenses.** Amount Requested: $4,720.60.

Centocor seeks reimbursement of travel expenses for counsel to travel and defend several depositions noticed by plaintiff's counsel. Plaintiff deposed Centocor employee Randy Van Cleave and Robert Ginn, and former employees Caroline Kopecky, Denise Brown and Anthony Siciliano. These individuals are located in different states. The Court has discretion to award costs for counsel's travel in extraordinary and compelling circumstances. See DiCecco v. The Dillard House, Inc., 149 F.R.D. 239 (N.D., Ga. 1993); Alonso v. Union Oil Co. of Cal., 71 F.R.D. 523 (S.D.N.Y. 1976); Wright & Miller: Federal Prac. & Proc. Depositions, §2676, n 26 (1998). Under these circumstances the Court should award defendant its travel costs for counsel to defend these depositions. Each of these depositions was necessary to the case and were relied

on by both parties in their statements of facts for the motion for summary judgment. The fact that these witnesses lived out of state is beyond defendant's control but plaintiff deemed it necessary to take their depositions. The breakdown for the travel expenses requested are attached as Exhibit U.

**V.     Fees for Copies of Papers Necessarily Obtained for Use in the Case**, 28 U.S.C. § 1920(4). Amount Requested: $508.35

Throughout the course of the litigation, Centocor incurred costs for copies prepared for use in presenting motion, pleadings and evidence to the Court. These fees include only those photocopies that were necessarily obtained for use in the case.

Rule 54(d) does not require a party to submit a bill of costs containing a description so detailed as to make it impossible to economically recover photocopying costs. Rather, a party is required only to provide the best breakdown obtainable from retained records. Levka v. City of Chicago, 107 F.R.D. 230, 231 (N.D. Il. 1985); Northbrook Express and Surplus Ins. Co. V. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991).

Centocor incurred photocopying costs of $35.25 in May, 2003, related to necessary copies of its Motions for Admissions of counsel filed on May 8, 2003, Answer for Defendant Centocor, and Motion to Dismiss of Defendant Centocor, and Motion to Dismiss for Defendant Johnson & Johnson, Inc. and accompanying memorandums. All of these pleadings were filed at approximately the same time. The memorandums of law and accompanying exhibits were over ten pages each. This represents 235 copies at $0.15 per page. Per page charges of $0.15 and $0.20 have already been found reasonable amounts to charge for photocopies, which are within the range of reasonableness. Bogdan v. Eggers, 2001 WL 619512 at *2 (N.D.Il. 2001).

Centocor incurred internal photocopying costs of $8.40 in July, 2003, related to Defendant's Motions for Summary Judgment which were granted by the court. This represents 84 copies at $0.10 per page.

Centocor incurred internal photocopying costs of $157.05 during September, 2004, related to necessary copies for its consulting expert Dr. Gruenberg, who was necessarily retained for purposes of evaluating plaintiff's mental condition (which plaintiff put at issue, see supra). This represents 1047 copies at $.015 per page.

Centocor incurred internal photocopying costs of $116.10 during October, 2004, related to necessary copies for its consulting expert Dr. Gruenberg, who was necessarily retained for purposes of evaluating the opinions of plaintiff's treating physicians, who were deposed during this same time period. This represents 774 copies at $.015 per page.

Centocor incurred internal photocopying costs of $125.35 during November, 2004 and December, 2004 related to necessary copies for depositions noticed by plaintiff. These copies were of documents produced by the parties during discovery. This represents 849 copies at $.015 per page.

Centocor incurred internal photocopying costs of $64.20 during January 2005 related to additional depositions noticed by plaintiff. This represents 428 copies at $0.15 per page.

Each of these copies was necessarily for use in the case and for presenting evidence to the Court. A true and correct copy of an internal invoice listing the relevant internal photocopying charges billed to Centocor, is attached hereto as Exhibit V.

**VI.**     **Fees of the Clerk**, 28 U.S.C. §1920(1).  Amount Requested: $200.00.

Centocor incurred expenses for admittance of counsel, Linzey D. Jones and John M. Broderick, to the Central District of Illinois, which at the time cost $100.00 for each attorney.

11

This cost was paid on May 7, 2003.  See Exhibit W.

WHEREFORE defendant, Centocor, Inc. prays this Court will grant its Motion and award L&P its costs pursuant to Fed.R.Civ.P. 54(d)(1) and LR 54.1, in the amount of $15,467.73 and for whatever additional relief this Court finds just and proper.

>Respectfully submitted,
>**CENTOCOR, INC.**
>
>  s/John M. Broderick
>By: One of Its Attorneys

Linzey D. Jones, Esq.
John M. Broderick, Esq.
Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street
Suite 3400
Chicago, Illinois 60601
(312) 768-7800