**E-FILED**
Wednesday, 20 July, 2005  04:13:56 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B

STATE OF ILLINOIS      )
                       )
COUNTY OF COOK         )

## AFFIDAVIT OF JOHN M. BRODERICK
## IN SUPPORT OF CENTOCOR'S BILL OF COSTS

I, John M. Broderick, hereby state as follows:

1. If called to testify in this matter, I would testify as follows.

2. I am over 18 years of age and am competent to make these statements.

3. I am one of the attorneys representing Centocor, Inc. ("Centocor") in the matter Minor v. Centocor, Inc., case number 02-3354.

4. The factual statements in this Affidavit are based upon my first hand knowledge, unless otherwise stated. In this matter, Centocor incurred the following costs, which are recoverable pursuant to Fed.R.Civ.P. 54(d)(1).

**Court Reporter Fees**, 28 U.S.C. § 1920(2).

5. Centocor's counsel took depositions listed as Schedule A to this Affidavit on the dates contained on the same Schedule.

6. Centocor "necessarily obtained" these deposition transcripts "for use in the case" and the depositions were "reasonably necessary to the case at the time it was taken" because of the reasons specified in Centocor, Inc.'s motion.

7. The cost of the transcripts for the case was a total of $5,519.38. A true and correct copy of the invoices are attached as Exhibits C-M.

**Subpoena <u>Duces Tecum</u>**, 28 U.S.C. § 1920(3)-(4).  <u>Amount Requested: $244.40.</u>

1

8. Because plaintiff's medical condition was at issue, Centocor obtained her medical records from the institutions identified in plaintiff in discovery. Centocor obtained this Court's permission to obtain plaintiff's medical records. See Centocor's Motion for a HIPAA protective Order, and Order granting same. Centocor appropriately served subpoenas duces tecum on plaintiff's healthcare providers and paid the costs necessary to retrieve a copy of the records pertaining to plaintiff.

9. A list of the record copy services that obtained and copied the records for Centocor are listed on Schedule A, attached to this affidavit. A true and correct copy of the invoices from these services are attached as Exhibits O-S.

**Fees for Copies of Papers Necessarily Obtained for Use in the Case**, 28 U.S.C. § 1920(4).
Amount Requested: $508.35.

10. Throughout the course of the litigation, Centocor incurred costs for copies prepared for use in presenting evidence to the court. These costs requested include only those photocopies that were necessarily obtained for use in the case.

11. This law firm utilizes a cost recovery system whereby before photocopies are made, a number corresponding to a client and a matter must be keyed into the copying machine. The copier keeps track of the number of copies made corresponding to each unique number, i.e. each client and matter.

12. It is the routine practice of the firm, followed in this case, to obtain the numbers of copies made, per client and matter, per month. Those charges are then billed back to the client. Those charges appear as part of a client's bill, and are described identically to what appears on the internal invoice, attached as Exhibit V.

2

13. Centocor incurred photocopying costs of $35.25 in May, 2003, related to necessary copies of its Motions for Admissions of counsel filed on May 8, 2003, Answer for Defendant Centocor, and Motion to Dismiss of Defendant Centocor, and Motion to Dismiss for Defendant Johnson & Johnson, Inc. and accompanying memorandums. All of these pleadings were filed at approximately the same time. The memorandums of law and accompanying exhibits were over ten pages each. This represents 235 copies at $0.15 per page. Per page charges of $0.15 and $0.20 have already been found reasonable amounts to charge for photocopies, which are within the range of reasonableness. Bogdan v. Eggers, 2001 WL 619512 at *2 (N.D.Il. 2001).

14. Centocor incurred internal photocopying costs of $8.40 in July, 2003, related to Defendant's Motions for Summary Judgment which were granted by the court. This represents 84 copies at $0.10 per page.

15. Centocor incurred internal photocopying costs of $157.05 during September, 2004, related to necessary copies for its consulting expert Dr. Gruenberg, who was necessarily retained for purposes of evaluating plaintiff's mental condition (which plaintiff put at issue, see supra). This represents 1047 copies at $.015 per page.

16. Centocor incurred internal photocopying costs of $116.10 during October, 2004, related to necessary copies for its consulting expert Dr. Gruenberg, who was necessarily retained for purposes of evaluating the opinions of plaintiff's treating physicians, who were deposed during this same time period. This represents 774 copies at $.015 per page.

17. Centocor incurred internal photocopying costs of $125.35 during November, 2004 and December, 2004 related to necessary copies for depositions noticed by plaintiff. These

3

copies were of documents produced by the parties during discovery. This represents 849 copies at $.015 per page.

18. Centocor incurred internal photocopying costs of $64.20 during January 2005 related to additional depositions noticed by plaintiff. This represents 428 copies at $0.15 per page.

19. Each of these copies was reasonable and necessary for use in the case and to present evidence to the Court.

**Witness Fees,** 28 U.S.C. §1920(3). Amount Requested $4,275.00.

20. In addition to paying for transcripts for depositions of plaintiff's treaters Centocor incurred witness fees costs charged by these treaters. A list of those treaters who charged witness fees and their respective amounts are listed on Schedule A, attached to this affidavit. The proof of payment of these fees are attached as Exhibit T.

**Fees of the Clerk,** 28 U.S.C. §1920(1). Amount Requested: $200.00.

21. Centocor incurred expenses to admit myself and Linzey D. Jones to the Central District of Illinois, which at the time cost $100.00 for each attorney. This cost was paid on May 7, 2003. See Exhibit W.

**Travel Expenses,** Amount Requested: $4,720.60.

22. Centocor incurred travel expenses for my travel related to several depositions noticed by plaintiff's counsel. These depositions necessitated my travel to different states. Plaintiff deposed Centocor employee Randy Van Cleave (Kansas City, MO) and Robert Ginn (St. Louis), and former employees Caroline Kopecky (Dallas, TX), Denise Brown (Houston, TX) and Anthony Siciliano (Minneapolis, MN). All arrangements were made through Centocor's travel department which obtains discounted, corporate rates for

4

my hotel rates and airfares. True and accurate copies of my expense reports are attached as Exhibit U.

FURTHER AFFIANT SAYETH NAUGHT.

Signed and sworn to before me

*John M. Burdick* [signature]

July 20, 2005

*Trisha Robertson* [signature]
Notary Public

"OFFICIAL SEAL"
TRISHA L. ROBERTSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 10/22/07

## SCHEDULE A

| Deponent | Date of Deposition | Cost |
| --- | --- | --- |
| Jane Minor (Part 1) | September 3, 2004 | $1,061.25 |
| Jane Minor (Part 2) | September 10, 2004 | $847.75 |
| Dr. James Bohlen | November 17, 2004 | $473.45 |
| Anthony Siciliano | December 14, 2004 | $752.50 |
| Robert Ginn | December 17, 2004 | $146.75 |
| Randy Van Cleave | December 16, 2004 | $254.00 |
| Susan Yarrington | November 29, 2004 | $658.45 |
| Dr. Cynthia Tsang | October 21, 2004 | $622.63 |
| Caroline Kopecky | January 7, 2005 | $287.80 |
| Denise Brown | January 12, 2005 | $220.25 |
| Dr. Brian Miller | | $194.55 |

Total: $5,519.38

| Subpoenas | Date | Cost |
| --- | --- | --- |
| Med Legal | March 11, 2004 | $72.36 |
| Kemper Nat'l | March 26, 2004 | $25.00 |
| Prairie Cardio | April 1, 2004 | $53.75 |
| ChartOne | May 1, 2004 | $43.71 |
| ChartOne | May 1, 2004 | $24.58 |
| Dzekunskas | May 19, 2004 | $25.00 |

Total: $244.40

**Witness Fees**

| | |
| --- | --- |
| Dr. Cynthia Tsang | $1,575.00 |
| Dr. Brian Miller | $1,000.00 |
| Dr. James Bohlen | $1,500.00 |

Total: $4,075.00